IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE N. PUERTA,               :
                              :
            Petitioner,       :        CIVIL NO. 4:07-CV-1349
                              :
      v.                      :        (Judge Jones)
                              :
WARDEN KAREN HOGSTEN,         :        (Magistrate Judge Smyser)
                              :
            Respondent.       :

## MEMORANDUM

### March 6, 2008

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Report and Recommendation ("the Report")

issued by United States Magistrate Judge J. Andrew Smyser ("Magistrate Judge

Smyser" or "Magistrate Judge") on October 31, 2007.  (See Rec. Doc. 12).  The

Report  recommends that Petitioner Jose N. Puerta's ("Petitioner" or "Puerta")

Petition for Writ of Habeas Corpus ("the Petition") (doc. 1), filed on July 25, 2007,

be dismissed because the Bureau of Prisons ("BOP") properly calculated the

amount of time that Petitioner must serve on his federal sentence.   For the reasons

to follow, we will adopt the learned Magistrate Judge's Report in its entirety and

dismiss the Petition.

1

## PROCEDURAL HISTORY:

On July 25, 2007, Petitioner, proceeding pro se, filed the instant habeas action, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. Named as Respondent therein is Karen Hogsten ("Respondent").

On October 31, 2007, Magistrate Judge Smyser issued a Report (doc. 12) recommending that Petitioner's Petition (doc. 1) be dismissed. On November 14, 2007, Petitioner filed Objections to Magistrate Judge Smyser's Report, along with a supporting brief. (Rec. Doc. 13). Accordingly, on November 20, 2007, Respondent filed a brief in opposition to Petitioner's Objections. (Rec. Doc. 14). Finally, on November 29, 2007, Petitioner filed a reply brief.[1] (Rec. Doc. 15). Thus, this matter is ripe for disposition.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings

---

[1]    Petitioner styled his reply brief as a "Traverse Motion to Oppose and Strike the Respondents Brief in Opposition to Petitioner's Objections to the Report and Recommendation as Untimely." (Rec. Doc. 15 at 1 (emphasis omitted)). In this submission, Petitioner asserts that Respondent's brief (doc. 14) opposing Petitioner's Objections is untimely and repetitious; accordingly, Petitioner requests that it be stricken from the record. (See Rec. Doc. 15).
       However, pursuant to Local Rules 72.3 and 72.2, which provide that supporting briefs, opposing briefs, and reply briefs may be filed following any objection to a Magistrate Judge's Report, Respondent appropriately and timely filed her brief in opposition to Petitioner's Objections. Therefore, to the extent that it is styled as a Motion to Strike, Petitioner's Motion shall be denied. For our purposes herein, the submission (doc. 15) shall be construed as Petitioner's reply brief.

or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980). See also 28 U.S.C. § 636(b)(1); Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id. See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## FACTUAL BACKGROUND:

In his Report and Recommendation, ("Report"), Magistrate Judge Smyser summarizes the relevant factual background of the instant action. (See Rec. Doc. 12). Although we agree with the Magistrate Judge's factual summary, taken in large part from the Exhibits in Support of Respondent's Response to the Petition, e.g. the declaration of James E. Hazelton (doc. 9), a correspondence specialist at the BOP's Designation and Sentence Computation Center, we review briefly the most pertinent portions thereof.

As Magistrate Judge Smyser notes, Petitioner was convicted of criminal facilitation in the fourth degree and sentenced to a one-year term of imprisonment

by the State of New York on August 31, 2005.  (Rec. Doc. 9, Exh. A at ¶ 5).

Petitioner was then indicted in the United States District Court for the Southern

District of New York on September 13, 2005, for illegal entry after deportation, in

violation of 8 U.S.C. § 1326.[2]  Id. at ¶ 6.

On September 22, 2005, pursuant to a writ of habeas corpus ad

prosequendum, Petitioner was borrowed from New York to appear in federal court.

Id.  On November 28, 2005, Petitioner entered a plea of guilty to the illegal entry

charge, and on May 2, 2006, he was sentenced to a 48-month term of

imprisonment for that offense.  Id. at ¶ 7.  Significantly, the federal court's May 2,

2006 judgment does not specify that the federal sentence is to run concurrently

with the state sentence. (Rec. Doc. 9, Exh. A-2).  On May 23, 2006, Petitioner was

returned to the custody of New York authorities.  Id. at ¶ 8.

On September 18, 2006, Petitioner was paroled from his New York

sentence, and he entered federal custody to serve the sentence imposed on May 2,

2006.  Id. at ¶ 9.

Notably, the BOP has given Petitioner credit toward his federal sentence for

the time between September 22, 2005, the day that he was borrowed from New

---

2 Petitioner had been deported on October 28, 1998, after conviction for a felony offense.  (See Rec. Doc. 9, Exh. A
at ¶ 6).

4

York, and May 22, 2006, the day before he was released back to New York authorities. (Rec. Doc. 9, Exh. A at ¶ 10).

**DISCUSSION:**

As Magistrate Judge Smyser notes, the execution of a sentence by prison officials may be challenged via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). In the instant Petition, Petitioner is challenging the execution of his federal sentence by the BOP. More specifically, Petitioner contends that the BOP's determinations as to the commencement of his sentence and the amount of credit for prior custody are incorrect. (Rec. Doc. 1).

In short, the Magistrate Judge evaluated Petitioner's contentions as follows. (See Rec. Doc. 12). In the execution of sentences, the BOP "must determine: (1) when [the] federal sentence commenced, and (2) any credits to which Petitioner may be entitled." Lerario v. United States, 371 F. Supp. 2d 633, 635 (M.D. Pa. 2005) (Rambo, J.). As to the commencement of federal sentences, 18 U.S.C. § 3585(a) provides that a sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Thus, the BOP appropriately determined that Petitioner's federal sentence commenced on September 18, 2006, when he was released to

5

federal custody after serving his New York state sentence. As to any credits to which inmates may be entitled, 18 U.S.C. § 3585(b) allows "credit toward a term of imprisonment for any time [a defendant] has spent in official detention" to the extent that the time has "not been credited against another sentence." As Petitioner was not awarded any credit toward his state sentence for the time that he was in federal custody, from September 22, 2005, through May 22, 2006, the BOP properly awarded Petitioner credit toward his federal sentence for that period.

Petitioner objects generally to the Report's recommendation that his Petition be dismissed because he is not entitled to habeas corpus relief. (See Rec. Docs. 13, 15). Specifically, Petitioner objects to Magistrate Judge Smyser's findings that: 1) Petitioner is not entitled to the credit he requests, from September 13, 2005, through May 2, 2006; and 2) his sentences were not ordered to run concurrently. Id. Thus, Petitioner requests credit for time served from September 13, 2005 through May 2, 2006; Petitioner also requests that his federal sentence run concurrent with his New York state sentence. (See Rec. Doc. 2).

Upon our de novo review of the Report (doc. 12), Petitioner's Objections (see docs. 13, 15), and the relevant law governing the instant action, we find Petitioner's Objections unavailing for several reasons, which will be discussed more fully below. In light of our agreement with the Report's findings, and our disagreement

with Petitioner's Objections thereto, we see no reason to summarize Respondent's arguments in her brief opposing the Objections.[3]

Taking first Petitioner's Objection as to the credit to which he claims to be entitled, from September 13, 2005, the date at which he was indicted, through May 2, 2005, the date that he was sentenced, we note that essentially, Petitioner is disputing the absence of credit for the time period from September 13, 2005 through September 21, 2005, because he was awarded credit for the remainder of the requested time. As Magistrate Judge Smyser noted in his determination, Petitioner has shown no evidence that he did not receive credit toward his New York sentence for that time period. (Rec. Doc. 12). Thus, pursuant to 18 U.S.C. § 3585(b), Petitioner is not entitled to credit for that time period because he was serving his state sentence during those dates. Accordingly, the BOP and the Magistrate Judge correctly determined that Petitioner is not entitled to credit until he was borrowed pursuant to the writ of habeas corpus ad prosequendum on September 22, 2005.

Turning next to Petitioner's Objection as to the running of his federal sentence consecutively or concurrently to his state sentence, we note our cognizance that Petitioner maintains that his sentence "has not been computed correctly to run

---

3 However, we appreciate Respondent's filing of the opposing brief.

concurrently, as was ordered by the sentencing judge," and that he objects to the Report on those grounds. (Rec. Doc. 13). Notably, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Petitioner's two sentences were imposed at different times, and the federal judgment does not direct that the terms be served concurrently. (See Rec. Doc. 9, Exh. A-2). Because the judgment does not indicate that the terms are to run concurrently, Petitioner relies upon a small portion of the sentencing hearing. However, review of transcript, not simply that portion that Petitioner has taken out of context, reveals that the sentencing judge's intent coincides with the sentence outlined in the judgment: that Petitioner be credited for the time that he spent in federal custody and not that his federal sentence run fully concurrent with the state sentence. (See Rec. Doc. 2, Exh. 2 at 22-23). Thus, the BOP and the Magistrate Judge properly found that Petitioner's federal sentence commenced on September 18, 2006 and that Petitioner was to receive credit for the time served on that sentence between September 22, 2005 and May 22, 2006.

For all of the aforestated reasons, we will overrule Petitioner's Objections (doc. 13) to the Magistrate Judge's Report and adopt the Magistrate Judge's Report (doc. 12) as our own. Accordingly, the Petition (doc. 1) will be dismissed.

An appropriate Order closing this case shall issue on today's date.